**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE KAHIN RESENDIZ-GARCIA, | No.    15-71429 |
| Petitioner, | Agency No. A070-764-583 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jose Kahin Resendiz-Garcia, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his motion for a continuance. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's denial of a continuance. *Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying for lack of good cause Resendiz-Garcia's motion for a fourth continuance to await the U.S. Department of Homeland Security's ("DHS") determination in his application for Deferred Action for Childhood Arrivals. *See Singh v. Holder,* 638 F.3d 1264, 1274 (9th Cir. 2011) ("Under 8 C.F.R. § 1003.29, an IJ 'may grant a motion for continuance for good cause shown.'"). Resendiz-Garcia provided no evidence to support his contention that DHS would grant his request, and the basis for the motion remained merely a speculative possibility at the time of his final removal hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

Contrary to Resendiz-Garcia's contention, the agency did not find him removable based on his criminal conviction. The record shows that Resendiz-Garcia conceded the charge of removability in the Notice to Appear that he entered the United States without inspection by an immigration officer, and the IJ ordered him removed on this basis.

We lack jurisdiction to consider Resendiz-Garcia's unexhausted contentions regarding the immigration consequences of his conviction under California Penal Code §459. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-

matter jurisdiction over legal claims not presented in administrative proceedings below).

We also lack jurisdiction to consider Resendiz-Garcia's challenges to an IJ's 2005 voluntary departure order, because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**